ELIZABETH BRYSON ET AL. *v.* JAMES OSENTON ET AL.

[Kentucky Law Reporter, Vol. 3—447.]

**Disposition of Real Estate by Will.**

Where a testator owned a five-sixths interest in real estate and his wife owned the other interest, his attempt by will to convey the whole of the land will fail; and where his devisees take possession under the will and mortgage it, the mortgagee will only have a lien on the interest which the testator owned. The fact that the wife had accepted the will under which she was a legatee and said nothing

about her claim of ownership to the one-sixth interest until it is sought to foreclose the mortgage does not estop her from asserting her interest as against the mortgagee and the mortgagors.

APPEAL FROM GREENUP CIRCUIT COURT.

December 14, 1881.

OPINION BY JUDGE HINES:

Appellant, Elizabeth Bryson, owned, through the will of her father, a one-sixth interest in a certain tract of land; the remaining five-sixths was owned by her husband, William Bryson, by purchase from the heirs of Mrs. Bryson's father. On the death of William Bryson he left a will, in which he made provision for his wife, and devised the tract of land mentioned to his sons without any mention of the one-sixth interest of Mrs. Bryson. The sons took possession of the land and lived upon it some two or three years, and mortgaged it to appellee, Osenton. In a suit to foreclose this mortgage Mrs. Bryson asserts claim to the one-sixth interest, and the question is whether it goes to Mrs. Bryson or to satisfy the mortgage.

It is claimed for appellee that the long silence of Mrs. Bryson and the receipt of benefits under the will amounted to an election to take under the will, and that she is estopped now to assert title to the one-sixth of the land. This is not a case for an election under Gen. Stat. (1879), Ch. 31, § 12, because that provision applies to cases where the testator is undertaking to dispose of his own property, and not that of another. The only estoppel that could be applied here is an equitable estoppel, which exists independent of the statute, and as to such estoppel there is neither plea nor proof. There is no equitable estoppel unless, by reliance upon the conduct and silence of Mrs. Bryson, appellee has been misled to his prejudice. There is no allegation or proof as to this matter. The allegation may be considered sufficient to raise the question of election under the statute, for in such case the law makes the estoppel. Biglow on Estoppel (2d ed.) 508.

For this error the case must be reversed, but as the parties will be entitled to a new trial, and additional evidence may be heard, we deem it improper to discuss the effect of the will of William Bryson, as these may appear under the new consideration as affecting its construction. On the appeal of Elizabeth Bryson the judgment is

reversed and cause remanded with directions for further proceedings consistent with this opinion, and on the appeal of Bryan the judgment is *affirmed.*

L. T. *Moore, B. F. Bennett, W. H. Wadsworth, for Bryson; E. C. Phister, A. Duvall, for Bryan.*

E. B. *Wilhoit, for appellees.*